IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICAN,

*Plaintiff*,

v.

John Canada,

*Defendant*.

Case No. 20-cr-10053-EFM

**MEMORANDUM AND ORDER**

Before the Court is a rather perplexing Joint Motion to Reduce Sentence (Doc. 80) under 18 U.S.C. § 3582(c)(1)(A)(i).  In this Motion, Defendant John Canada seeks to reduce his sentence to time served along with two years' supervised release.  Because Defendant fails to show extraordinary and compelling reasons that warrant the sentence reduction, the Court denies Defendant's Motion.

**I.      Factual and Procedural Background**

Defendant's case arose on April 22, 2020 when Wichita Police Department officers discovered a gun in Defendant's car during a protective sweep at a traffic stop.  The officers arrested Defendant under 18 U.S.C. § 922(g) for possessing the firearm as a convicted felon.  He was released on the same day.

On November 30, 2020, Defendant moved to suppress the seized weapon under the Fourth Amendment, arguing that the police's protective sweep of his vehicle was unconstitutional.  The Court denied that motion.  Based on the Court's decision, Defendant soon after entered his change

of plea. His plea was conditional, reserving the right to appeal the Court's order denying his moiton to suppress.

On November 4, 2021, the Court sentenced Defendant to 15 months' imprisonment to be followed by two years of supervised release. That same day, Defendant informed the Court of his intent to appeal the Court's sentence and the denial of his motion to suppress. He also made an oral motion for release pursuant to 18 U.S.C. § 3143(b) pending the Tenth Circuit's decision. Recognizing that an appeal would likely take longer than the term of Defendant's imprisonment, the Court granted Defendant's motion.

On August 8, 2023, the Tenth Circuit affirmed the Court's decision.[1] Unsatisfied, Defendant petitioned the United States Supreme Court for writ of certiorari. With that petition, Defendant's appeal remained ongoing, and the Court permitted him to remain on release. But on January 8, 2024, the Supreme Court denied certiorari.[2]

Having well and truly exhausted all other options, Defendant now asks the Court to reduce his sentence to time served and two years' supervised release. In support of his Motion, Defendant claims that during the 26 months his case was on appeal he established a law-abiding lifestyle. He submits several letters from family and his employer attesting to his hard work, caring attitude, and leadership. He also lives with and is the primary caretaker of his 17-year-old son. Because of Defendant has built a productive life outside of prison, he now asks the Court to, in essence, abrogate his term of imprisonment. The Government does not oppose the Motion.

---

[1] *United States v. Canada*, 76 F.4th 1304 (10th Cir. 2023).

[2] *Canada v. United States*, No. 23-327, 2024 WL 71952 (U.S. Jan. 8, 2024).

## II.  Legal Standard

Normally, a prerequisite to any defendant filing a motion under 18 U.S.C. § 3582(c)(1) is: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or; (2) 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.[3]  The Tenth Circuit has characterized exhaustion as a mandatory claim-processing rule and any argument regarding exhaustion may be waived by the Government.[4]

If a defendant satisfies the exhaustion requirement, the Tenth Circuit has set forth a three-part test for district courts to use when ruling on a defendant's motion.[5]  This test requires the Court to consider whether (1) "extraordinary and compelling reasons" warrant the sentence reduction, (2) "such reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) any reduction is consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a).[6]  However, "the Sentencing Commission's existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants."[7]  If the Court denies the motion because the defendant fails to meet one

---

[3] 18 U.S.C. § 3582(c)(1)(A).

[4] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030-31 (10th Cir. 2021).

[5] *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (discussing and employing the same three-part test).

[6] *McGee*, 992 F.3d at 1042-43 (emphasis in original) (citations and internal quotation marks omitted).

[7] *Maumau*, 993 F.3d at 837 (citations omitted); *see also United States v. Hald*, 8 F.4th 932, 947 n.9 (10th Cir. 2021) (noting that the district court cannot err when it does not address the second step—the applicable policy statement—when there is not an applicable policy statement to motions filed by the defendant).

of the elements, it may do so without addressing the others.[8]  Finally, the Court retains discretion in determining whether a case presents extraordinary and compelling circumstances.[9]

### III.  Analysis

Before addressing Defendant's Motion directly, the Court notes that Defendant does not meet the typical administrative exhaustion requirement.  To be sure, it is hardly possible that he could—petitioning the warden of his facility or the Bureau of Prisons requires *being in a prison facility*.  The fact that 18 U.S.C. § 3582(c)(1)(A)(i) and supporting caselaw do not even contemplate someone in Defendant's position requesting a sentence reduction speaks to the uniqueness of his request.  Regardless, because the exhaustion requirement is a waivable and the Government joins in Defendant's Motion, the Court will proceed to address that Motion on the merits.

Defendant cannot establish extraordinary and compelling circumstances.  To be clear, his successful employment and hard work in building a law-abiding life and providing for his family is admirable.  But to the extent that Defendant's lifestyle is compelling, it is not extraordinary.  Rather, it is the lifestyle expected from law-abiding citizens.  Likewise, Defendant's status as his 17-year-old son's primary caretaker is commendable but also a commonplace position.

The unavoidable fact remains that Defendant violated 18 U.S.C. § 922(g).  The only reason he has avoided imprisonment so far is that his appeal was still pending prior to January 8, 2024.  With the close of his appeal, no cogent reason exists for this Court to allow Defendant to continue avoiding his sentence.  Although the Court applauds Defendant's use of his time during the

---

[8] *McGee*, 992 F.3d at 1043 (citation omitted); *see also Hald*, 8 F.4th at 942-43 (explicitly stating that a district court can choose which order to consider the three steps, and "[i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied").

[9] *Maumau*, 993 F.3d at 832.

-5-

pendency of his appeal, remaining out of prison for 26 months is not an extraordinary or compelling reason to grant Defendant's Motion.  Thus, the Court in its discretion concludes that Defendant fails to meet the first part of the test under 18 U.S.C. § 3582(c)(1)(A)(i).  Accordingly, the Court denies Defendant's Motion.

**IT IS THEREFORE ORDERED** that Defendant's Joint Motion to Reduce Sentence (Doc. 80) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 26th day of January, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE